IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LA'DARRELLE R. DIXON, )
)
Petitioner, ) CIVIL ACTION NO. CV205-040
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR204-3)
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Petitioner La'Darrelle Dixon ("Dixon"), an inmate currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255. Respondent filed a Response. For the reasons which follow, Dixon's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Dixon pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C.A. §§ 2113(a) and (d), on March 10, 2004. On May 20, 2004, the Honorable Anthony A. Alaimo sentenced Dixon to 84 months' imprisonment, five years' supervised release, a $100 special assessment, and restitution in the amount of $3,291.81. (Doc. No. 3, pp. 1-2.) Dixon did not file a direct appeal.

In the instant motion, Dixon asserts that his sentence is violative of the Sixth Amendment and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403

(2004). Dixon also asserts that he received ineffective assistance of counsel. Finally, Dixon asserts that the Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure.

## DISCUSSION AND CITATION TO AUTHORITY

**I.      Dixon Cannot Pursue a Collateral Attack of his Sentence Pursuant to Blakely.**

Dixon contends that his sentence violates Blakely. Specifically, Dixon contends that he pleaded guilty to one count of armed robbery and thought he would be sentenced for that offense. However, Dixon contends, his indictment did not contain any information about the ten (10) point enhancement he received based on the Pre-Sentence Investigation Report ("PSI").

The Court's judgment in this case was entered on May 24, 2004. (CR204-3, Doc. No. 11.) Dixon did not appeal, and thus, his conviction became final on June 8, 2004. FED. R. APP. P. 4(b)(1)(A)(I). Blakely was decided on June 24, 2004. As Dixon's conviction became final before the Supreme Court's decision in Blakely, as well as its decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), neither of these cases applies retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Thus, Dixon is not entitled to his requested relief under Blakely.

**II.     Dixon's Ineffective Assistance Claim is Without Merit.**

Dixon alleges that his trial counsel, Jeffery Berry, coerced him into signing the plea agreement without an understanding of the plea agreement or the nature of the charges.

2

On March 10, 2004, Judge Alaimo conducted an entry of plea, or Rule 11, hearing, at which Dixon appeared and was represented by counsel. During this hearing, Judge Alaimo informed Dixon that he was under oath and that he must tell the truth. Dixon stated that he understood. (CR204-3, Doc. No. 14, p. 3.) Judge Alaimo addressed Dixon and said:

> First of all, before– again, before I can accept your plea, I want to be sure that you understand completely what you are doing here.
>
> Now this Indictment against you says that on or about December the 9th of this last year, here in this county, that you knowingly and unlawfully, by force, violence, and intimidation, took from the person and presence of another person approximately four thousand two hundred and sixty-seven dollars belonging to the custody, control, management, possession of the Coastal Bank of Georgia on 529 Beachview Drive on St. Simons Island, the deposits of which were insured by the Federal Deposit Insurance Corporation; and that while you committed that offense– in committing that offense, you assaulted and put in jeopardy the life of another person by the use of a dangerous weapon.
>
> Now do you understand that charge? Do you understand what you are charged with?

(CR204-3, Doc. No. 14, pp. 3-4.) Dixon responded, "Yes, sir." (Id. at 4.) Judge Alaimo explained to Dixon the Government's burden of proof regarding this charge:

> THE COURT: Anyhow, . . . the money that I read to you as described in the Indictment, and they would have to show– the Government would have to show that this was a federally insured bank at that time; and next, that you did so by means of force and violence. In other words, you used a gun. Did you have a gun?
>
> THE DEFENDANT: Yes, sir.
>
> MR. BERRY: A BB gun, Judge.

3

AO 72A
(Rev. 8/82)

| | |
|---|---|
| THE COURT: | And that you knowingly assaulted and put in jeopardy the life of a person who had this money by the use of a dangerous weapon or device while engaged in that theft. |
| | Now do you understand that charge completely? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand what the Government would have to prove in order to convict you of that charge? |
| THE DEFENDANT: | Yes, sir. |

(Id. at 5.)

As to Dixon's assertion that he was coerced into pleading guilty, the Rule 11 Transcript reveals that Judge Alaimo and Dixon engaged in the following colloquy regarding the voluntariness of Dixon's guilty plea.

| | |
|---|---|
| THE COURT: | Is it your own personal choice to do this? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has anybody promised you anything to get you to plead guilty? |
| THE DEFENDANT: | No, sir. |

(Id. at 7.) Dixon informed Judge Alaimo that he had read the plea agreement but did not have the opportunity to discuss the plea agreement with his counsel, Mr. Berry. Judge Alaimo recessed the Rule 11 proceedings and afforded Dixon the opportunity to discuss the plea agreement with his counsel. (Id. at 18-20.) After the recess, Judge Alaimo again addressed Dixon.

| | |
|---|---|
| THE COURT: | . . . Mr. Dixon, have you had the opportunity to talk to your lawyer about your plea, the plea agreement? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you have any questions about it? |

4

THE DEFENDANT: No, sir.

THE COURT: I want to make it perfectly clear to you that you have a right to go to trial before a jury for any reason. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Well, this plea agreement says that the Government agrees that if you truthfully admit the offense and the relevant conduct to me and to the Probation Office and do not engage in any other criminal conduct from the time of your initial appearance in this case, that it will not oppose a recommendation from the Probation Office that you receive a reduction in sentence for acceptance of responsibility pursuant to the guidelines. And that would mean that if I accepted that, that your punishment would be less than it otherwise might be.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In exchange for that, you have agreed to plead guilty.

THE DEFENDANT: Yes, sir.

THE COURT: Has any other promise been made to you by the Government or anybody?

THE DEFENDANT: No, sir.

THE COURT: Now, again, have you had a sufficient opportunity to discuss your case and any potential defense you have to [the charge] with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his advice to you and his representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: Do you know of any reason, Mr. Berry, why this plea is not voluntary and made with a full appreciation of its consequences?

5

AO 72A
(Rev. 8/82)

MR. BERRY: No, I do not, Judge.

(Id. at 20-22.) Mr. Berry continued to address the Court regarding Dixon's sentencing range. Judge Alaimo then addressed Dixon concerning the maximum sentence he faced, and that he (Judge Alaimo) could not determine what sentence range Dixon faced until after the PSI had been completed. Dixon stated that he understood. (Id. at 22-23.) Judge Alaimo then asked Dixon:

> THE COURT: Now, even if you have been given some indication of what those guidelines are, if you later find out that the penalty is a lot heavier than what you thought it was going to be, you do not have an absolute right to withdraw your plea. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Now one other thing that I wish to tell you is that I am not bound by this agreement. And if I do not follow it, it does not mean that you will have an absolute right to withdraw your plea.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you still desire to persist in your plea of guilty?
>
> THE DEFENDANT: Yes, sir.

(Id. at 24-25.)

The record before this Court belies the allegation that Dixon entered a guilty plea because his counsel coerced him to do so and that he was not made aware of the nature of the charges he faced. To the contrary, the record reveals that Dixon pleaded guilty after being fully informed of the nature of the charges he faced. The record also reveals that

6

AO 72A
(Rev. 8/82)

Dixon entered into his plea of guilty without any coercion on the part of his trial counsel, Mr. Berry. Dixon was under oath when he answered the questions presented by Judge Alaimo. Dixon can not now set forth allegations which are clearly contradicted by his sworn statements made in open court. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal). In addition, Dixon only offers bare assertions, which are unsupported by any facts or laws, as the basis of his ineffective assistance of counsel claim. This is insufficient to obtain relief under § 2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).

### III. Dixon's Rule 11 Claim is Without Merit.

Finally, Dixon asserts that the Court did not comply with FED. R. CRIM. P. 11 because he did not understand the nature of the charges he faced. After confirming that Dixon wished to plead guilty, Judge Alaimo noted that he found "a factual basis for the plea and that it is freely and voluntarily given . . . . I do feel that Mr. Dixon is fully appreciative of what may happen to him as a result of this plea." (CR204-3, Doc. No. 14, p. 25.)

As stated in the preceding section, Dixon was made aware of the charges he faced, he acknowledged that he understood those charges, the plea was free from coercion, and Dixon understood the consequences of his guilty plea. This is what FED. R. CRIM. P. 11

AO 72A
(Rev. 8/82)

requires. See United States v. Lejarde-Rada, 319 F.3d 1288, 189 (11th Cir. 2003) ("When a district court accepts a guilty plea, it must ensure that . . . : (1) the guilty plea [is] free from coercion; (2) the defendant . . . understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty plea.") Dixon is not entitled to his requested relief as to this enumeration of error.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Dixon's Motion to Vacate, Set Aside, or Correct his sentence, filed pursuant to 28 U.S.C.A. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

DIXON

)

vs

)   CASE NUMBER CV205-40

USA

)   DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 9/6/05 , which is part of the official record of this case.

Date of Mailing:   9/7/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: Sherry Taylor, Deputy Clerk

Name and Address

Amy Lee Copeland
LaDarrelle Dixon, 11804-021, FCI, P.O. Box 4000, Manchester, KY 40962

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate