IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -6 A 8:18

CLERK

LA'DARRELLE R. DIXON, )
)
      Petitioner, )    CIVIL ACTION NO. CV205-040
)
v. )
)
UNITED STATES OF AMERICA, )    (Case No.: CR204-3)
)
      Respondent. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Dixon asserts that the Magistrate Judge erred in concluding that his conviction became final on June 8, 2004, and thus, is not entitled to use Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Dixon contends that he had sixty (60) days after this Court entered judgment in which to perfect an appeal and cites to FED. R. APP. P. 4 and Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed.2d 88 (2003), as support of this contention. According to FED. R. APP. P. 4(b)(1)(A)(I), Dixon had 10 days after this Court entered judgment against him on May 24, 2004, in which to file a timely notice of appeal. Dixon did not file an appeal, and thus, his conviction became final on June 8, 2004. See Ramirez v. United States, 2005 WL 1706142, at *1 (11th Cir. July 22, 2005)(unpublished)(stating that a federal prisoner has ten days after the written judgment of conviction is entered to file an appeal). Clay holds that "[f]or the purpose of starting the

AO 72A
(Rev. 8/82)

1

clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay</u>, 537 U.S. at 525, 123 S. Ct. at 1075. As Dixon did not file an appeal and there is no statute of limitations issue before the Court, <u>Clay</u> is inapplicable to the case *sub judice*.

Dixon also asserts that his trial counsel coerced him into accepting the plea agreement and that this Court did not follow the dictates of FED. R. CRIM. P. 11 because he still does not understand the nature of the charges he faced due to the complexity of the proceedings. The record before this Court belies both of these assertions.

Dixon's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Dixon's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C.A. § 2255, is **DENIED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this ___5___ day of ___October___, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)